1

2

3

4

5

6                                UNITED STATES DISTRICT COURT

7                              EASTERN DISTRICT OF CALIFORNIA

8

9   | E.A.M.B., | No.  1:26-cv-01209-KES-SAB (HC) |

10                  Petitioner,

11         v.                                          ORDER GRANTING PETITION FOR WRIT
                                                       OF HABEAS CORPUS
12   MINGA WOFFORD, Mesa Verde ICE
    Processing Center Facility Administrator;          Doc. 1
13   SERGIO ALBARRAN, Acting Field Office
    Director of the San Francisco Immigration
14   and Customs Enforcement Office; TODD
    M. LYONS, Acting Director of United
15   States Immigration and Customs
    Enforcement; KRISTI NOEM, Secretary of
16   the United States Department of Homeland
    Security; PAMELA BONDI, Attorney
17   General of the United States,

18                  Respondents.

19

20         Petitioner E.A.M.B. is an immigration detainee proceeding with a petition for writ of

21   habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has previously

22   addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Yon Kervis U. v.*

23   *Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12,

24   2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal.

25   Sept. 9, 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL

26   3145562 (E.D. Cal. Nov. 10, 2025)*; R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC),

27

28   _____
    [1] Petitioner's motion to proceed under pseudonym was granted by separate order.

                                                1

1    2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB

2    (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

3         The Court informed the parties that it intended to rule directly on the petition and ordered

4    respondents to show cause as to whether there are any factual or legal issues in this case that

5    distinguish it from the Court's prior orders in *Yon Kervis U. v. Chestnut*, *Guzman v.*

6    *Andrews*, *Ramazan M. v. Andrews*, *R.A.N.O. v. Wofford*, *Omer G.G. v. Kaiser*, and that would

7    justify denying the petition.  Doc. 9.  Respondents state that, "[f]actually, this case is similar [to]

8    each of the aforementioned cases in that the Petitioner was also on release for a period of time

9    and then detained."  Doc. 10 at 1.  "Nor does Petitioner's case present any distinguishing legal

10   issues from the same aforementioned cases."  *Id.*  While respondents oppose the petition, they do

11   not raise any new arguments.  *See id.* at 1–3.[2]

12        As respondents have not made any new legal arguments and have not identified any

13   factual or legal issues in this case that would distinguish it from the Court's prior decisions in

14   *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal.

15   Jan. 12, 2026), *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256

16   (E.D. Cal. Sept. 9, 2025), *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025

17   WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG

18   (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-

19   KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas

20   corpus is GRANTED on claim one, for the reasons addressed in those prior orders.[3]

21

22   [2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending
     the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns whether § 1226(a) or
23   § 1225(b) applies to individuals who entered the country without inspection and who were not
     apprehended by immigration authorities before their detention in 2025.  *See* Doc. 10 at 2.  But
24   here immigration officials previously encountered petitioner and released him after implicitly
     determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process
25   Clause requires a pre-deprivation hearing prior to his re-detention.  Given the different
     circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold
26   this case in abeyance.

27
     [3] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks
28   based on the Court's ruling on claim one.

1        Respondents are ORDERED to release petitioner immediately.  Respondents are

2    ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear

3    and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that

4    petitioner is a flight risk or danger to the community such that his physical custody is legally

5    justified.

6        The Clerk of Court is directed to close this case and enter judgment for petitioner.

7

8    IT IS SO ORDERED.

9       Dated:    February 13, 2026                                

10                                            UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28